Argued and submitted September 12, 1979, affirmed February 11, 1980

BRANDOW,
*Petitioner,*
*v.*
PORTLAND WILLAMETTE COMPANY,
*Respondent.*

(No. 78-917, CA 14630)

605 P2d 1363

Dennis W. Skarstad, Portland, argued the cause and filed the brief for petitioner.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

[393]

**LEE, J.**

In this case, the Workers' Compensation Board (Board) affirmed the referee who denied compensation. The sole issue is whether claimant proved by a preponderance of the evidence that she suffered from a bronchial condition which arose out of and in the scope of her employment, ORS 656.802.

Claimant began working in the fiberglass department of Portland Willamette Company in April, 1976. She worked with fiberglass material taken from rolls approximately three feet wide, five feet long, and 3/4 inch to three inches thick. She and a co-worker would cut these strips of fiberglass to fit fireplace assembly frames. Then they would glue the strips to the frame pieces with Fuller's glue or Foster Stic Safe Adhesive #85-15 (Hexane). An entire frame assembly could be completed in about two and one-half minutes. Claimant testified that occasionally in unrolling the fiberglass material it would stick and necessitate a hard pull, and the "dust would just fly all over." She testified that after working for a few months on this job, she began to experience breathing difficulties, and even though she was provided with cotton masks, her condition steadily deteriorated. On November 25, 1977, claimant was examined by Dr. Rice, her personal physician, who diagnosed her problem as "CHRONIC BRONCHITIS, PROBABLY WORK RELATED TO FIBER GLASS INHALATION." Dr. Rice referred claimant to Dr. Lawyer, a specialist in diseases of the heart and lungs. After examining her on December 6, 1977, and performing pulmonary function tests, Dr. Lawyer reported that there was "no evidence of abnormal pulmonary function" and concluded that he was "unable to document the presence of any pulmonary disease."[1] She terminated her employment on December 14, 1977.

---

[1] In this report, Dr. Lawyer commented:

"Her multisystem complaints make me wonder about the possibility of anxiety neurosis. When I spoke with her today, suggesting that

On January 5, 1978, claimant was first examined by Dr. Noonan, an allergist; after five subsequent examinations, Dr. Noonan concluded in his July 7, 1978, report:

"It is my opinion, based on history, examination, and pulmonary function tests that Vivian Brandow has bronchitis aggravated by fiberglass dust and probably fumes from the Fuller's glue. She has improved since quitting her job, however, she still has some residual bronchitis."

A hearing was held on July 17, 1978, before a referee. The case was continued to allow submission of further evidence and arguments. After the initial hearing, claimant was examined at the carrier's request on July 21, 1978, by Dr. Bardana, Associate Professor of Medicine, Head of the Allergy Section, and Division Head of Immunology and Rheumatology at the University of Oregon Health Sciences Center. In his July 26, 1978, report, Dr. Bardana stated, after examining her, reviewing her available medical data, and visiting her specific work area at Portland Willamette, as follows:

"ANALYSIS: I am unable to substantiate the presence of any pulmonary disease either in December, 1977 (by prior evaluation) or currently. The patient's vague systemic symptoms relating to easy fatigue or weakness may require further evaluation to exclude a separate, non-occupational disorder, e.g. polymyalgia rheumatic, subacute polymyositis, etc. However, there is *no objective evidence of occupational pulmonary disease.*

"My rationale for the above analysis is multifaceted and based on my own observations as well as those of other experts. These reasons include: 1) Lack of any offending antigen or fume known to be

_____

the fiberglass might not be accounting for her respiratory complaint, she became distraught and began crying. * * *"

"* * * * *

"* * * She says, 'maybe my complaints are my imagination'. 'Maybe I am afraid of fiberglass'. 'I have been awful nervous lately'. * * *"

[396]

associated with pulmonary industrial disease (fiberglass is inert and not considered hazardous; the cement [glue] used contains hexane, an aliphatic hydrocarbon, in very small amounts, and whose presence in the work area was well below accepted level); 2) Patient's original and residual symptom complex suggest either anxiety-neurosis-hysteroid conversion reaction or a totally unrelated (to work) disorder; 3) Radiologic and spirometric studies are normal and unimproved by bronchodilators; 4) No known association of pulmonary (or other disorders) to her industry or its inherent exposures; 5) Absence of physical findings documenting any previous or current problems that cannot be explained adequately by (a) viral infection; (b) previous severe fume exposure from chemical exposure and (c) obesity and finally (d) my inspection of the work environment revealed no evidence of ambient particles, noxious fumes, poor ventilation or any other occupational hazard. The area was spacious, clean, odor free, organized and well managed (see above comments)."

Dr. Bardana further stated at his deposition that the fiberglass material claimant was handling could not produce the kind of dust that causes bronchitis. He also stated that it would be impossible for the type of glue used in the plant to be in sufficient volume to cause bronchitis.

Dr. Noonan again examined claimant on July 10, August 16, and September 6, 1978. After reviewing the medical information and evaluations of Drs. Lawyer and Bardana and after inspecting claimant's work area, Dr. Noonan stated that claimant "had pulmonary disease in December, 1977, and has gradually improved since being off work." He concluded that there was "significant evidence of occupational pulmonary disease secondary to work at Portland Willamette Company."

The referee found that the claim was not work-related and hence affirmed the denial issued by the carrier. The Board affirmed.

[397]

Claimant is required to prove by a preponderance of the evidence that she suffers from a compensable disability caused by her employment. *Simons v. SWF Plywood Company*, 26 Or App 137, 552 P2d 268 (1976). Although this case presents a close question, we are convinced by the testimony of Dr. Bardana, and we conclude that claimant did not prove by a preponderance of the evidence that she suffers from a work-related bronchial condition.

Affirmed.